**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1050**

THEOPHILUS AGEDAH,

        Petitioner,

    v.

WILLIAM P. BARR, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: May 26, 2020                      Decided: June 15, 2020

Before NIEMEYER, MOTZ, and RUSHNG, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Theophilus Agedah, Petitioner Pro Se.  Nicole Joann Thomas-Dorris, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theophilus Agedah, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) decision denying Agedah's application for withholding of removal and protection under the Convention Against Torture (CAT).[*]

On appeal, Agedah first challenges the agency's denial of his requests for withholding of removal and protection under the CAT. We have thoroughly reviewed the record, including the transcript of Agedah's merits hearings and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B) (2018), and that substantial evidence supports the Board's decision, *see Gomis,* 571 F.3d at 359; *Dankam v. Gonzales,* 495 F.3d 113, 124 (4th Cir. 2007). Accordingly, we uphold the denial of relief for the reasons stated by the Board. *In re Agedah,* (B.I.A. Dec. 16, 2019).

Additionally, although Agedah seeks remand for the IJ to adjudicate his applications for cancellation of removal, adjustment of status, and voluntary departure, we find that the Board correctly determined that Agedah did not adequately pursue these forms of relief before the IJ. He initially filed an application for cancellation of removal, but counsel subsequently conceded that Agedah was ineligible because his United States citizen

---

[*] Agedah does not challenge the agency's finding that his asylum application was untimely filed. In any event, we would lack jurisdiction to review this finding, absent a constitutional claim or colorable question of law. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D) (2018); *Gomis v. Holder*, 571 F.3d 353, 358-59 (4th Cir. 2009).

children were all over the age of 21. Additionally, the Board noted that Agedah failed to explain how he was eligible for adjustment of status. Although he indicates on appeal that he is seeking adjustment of status based on the battery and extreme cruelty he suffered by a United States citizen spouse, he failed to raise this claim before the agency. *See Cabrera v. Barr*, 930 F.3d 627, 631 (4th Cir. 2019) ("[A]rguments that a petitioner did not raise in the [Board] proceedings have not been exhausted and the Court lacks jurisdiction to consider them."). Finally, the record reveals that Agedah abandoned his application for voluntary departure by failing to appear at his June 5, 2013, removal hearing.

Accordingly, we deny the petition for review. In light of this disposition, we deny Agedah's motion for stay as moot. We also deny his motion for a copy of the DHS brief filed in his administrative appeal and his motions to vacate the agency's decisions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*